

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

July 31, 2007

**BY HAND**

The Honorable Charles L. Brieant
United States Courthouse
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

     Re: <u>United States v. Frank Ortiz, et al.</u>, 07 Cr. 580 (CLB)

Dear Judge Brieant:

   At the initial conference before your Honor on July 18, 2007, the Government informed the Court of a potential conflict created by Michael Discioarro's representation of David Quiles in the above matter. Mr. Discioarro previously represented Frank Ortiz, one of Quiles' co-defendants, in this case.

   In light of Mr. Discioarro's representations to the Court concerning the limited duration and scope of his prior representation of Ortiz, the Government suggested that Quiles might be able to waive the potential conflict without the need for the Court to conduct a hearing pursuant to <u>United States v. Curcio</u>, 680 F.2d 881 (2d Cir. 1982). Accordingly, the Court requested that, prior to the next conference on September 19, 2007, the Government schedule an appearance before the criminal duty Magistrate Judge to allow the defendant to make such a waiver.

   After further consideration, however, the Government believes that the facts and circumstances of this case necessitate a <u>Curcio</u> hearing to ensure that any waiver of the potential conflict by Quiles is knowing, intelligent, and voluntary. Therefore, the Government submits this letter to inform the Court more specifically of the nature of the potential conflict and, at the Court's request, to provide a list of proposed questions to be put to the defendant. If the Court wishes to refer the <u>Curcio</u> hearing to a Magistrate Judge, we will forward these materials to the Magistrate Judge.

**I. Background**

   On May 10, 2007, Frank Ortiz, Nicholas Santana, Raymond Hernandez, and Chris Santana were arrested in Yonkers, New York and subsequently charged in a complaint filed in

the Southern District of New York with conspiring to distribute and to possess with intent to distribute 100 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. Shortly after the arrests of these four men, a fifth individual, David Quiles, was arrested in Arizona. Thereafter, a complaint was filed in the Southern District of New York, charging Quiles with conspiring to distribute and to possess with intent to distribute 1,000 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Quiles was presented in the District of Arizona, pursuant to Rule 5(c)(3) of the Federal Rules of Criminal Procedure, and then transferred to the Southern District of New York, where he was presented before Magistrate Judge James C. Francis and ordered detained by Judge Stephen C. Robinson.

On June 27, 2007, a grand jury returned a two-count indictment charging all five men with conspiring to distribute and to possess with intent to distribute 1,000 kilograms and more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The indictment also charges Hernandez and Nicholas Santana with possession of a firearm in furtherance of the narcotics conspiracy, in violation of 18 U.S.C. § 924(c). All five defendants are in custody pending trial.

## II.     The Potential Conflict

On May 10, 2007, at the initial presentment of the four defendants who were arrested in New York, each defendant was represented by separate, retained counsel. Michael Discioarro appeared on behalf of Frank Ortiz. On or about May 15, 2007, a new attorney, Kenneth Kaufman, filed a notice of appearance on behalf of Ortiz. Although Mr. Discioarro has not formally withdrawn from his representation of Ortiz, it is the Government's understanding that he no longer represents Ortiz.

On or about May 17, 2007, Quiles was presented in the District of Arizona on the complaint filed in the Southern District of New York and Mr. Discioarro filed a notice of appearance on behalf of Quiles in the District of Arizona. Since then, Mr. Discioarro has appeared on behalf of Quiles at each of Quiles' court appearances in the Southern District of New York, and he remains Quiles' attorney of record in this case.

In the Government's view, Mr. Discioarro's continued representation of Quiles, after having represented Ortiz in the same matter, creates the potential for a conflict of interest. First, Ortiz and Quiles may wish to assert adverse or inconsistent arguments. For example, as described more fully below, Quiles may wish to assert at some stage of the case that Ortiz played a greater role in the conspiracy. However, Mr. Discioarro's ability and willingess to assert -- in the course of plea negotiations, during trial, or at sentencing -- arguments adverse to Ortiz may be constrained. Second, Mr. Discioarro may be disinclined to advise Quiles to cooperate with the Government if that cooperation would require Quiles to provide information that may inculpate Ortiz. Third, if Ortiz were to cooperate with the Government, Mr. Discioarro might be unable to cross-examine Ortiz or to attack his credibility during his summation. Fourth, Mr. Discioarro may be prohibited from disclosing, in the course of his representation of Quiles, pertinent information that he learned from Ortiz during his representation of Ortiz.

The inherent potential for conflict where an attorney has previously represented a co-defendant in the same criminal case may be even greater here because of the relationship between Ortiz and Quiles. The Government believes that the evidence will show that earlier this year, in furtherance of the conspiracy, Quiles moved from New York to Arizona to help coordinate the shipment of marijuana from Arizona to New York. Following his arrest in Arizona, Quiles informed a United States Pretrial Services officer in Arizona that he had been sent to live in Arizona by Ortiz and that Ortiz paid all of his household expenses while he resided in Arizona. Moreover, during detention hearings before Magistrate Judge Francis and Judge Robinson, Quiles again suggested that he was acting at the direction of Ortiz when he moved to Arizona.

### III.    Conclusion

In light of this situation, the Government respectfully requests that the Court conduct a two-stage hearing pursuant to the Second Circuit's rulings in United States v. Curcio to advise the defendant of his right to conflict-free representation.

At the hearing, the Government respectfully suggests that the Court lead the defendant individually through the background portions of the Court's usual Rule 11 colloquy relating to age, health, education and drug or alcohol use. The Government respectfully suggests that the defendant then be advised: (1) that Mr. Discarro previously represented Frank Ortiz in this matter; (2) that potential conflicts of interest may exist; and (3) that the defendant has the right to be represented by counsel with undivided loyalties. Quiles should be advised specifically of the dangers inherent in such circumstances, namely, that: because of Mr. Discioarro's loyalty to Ortiz, he may be less likely to assert, on Quiles' behalf, defenses or arguments adverse to Ortiz; he may be less likely to advise Quiles to cooperate if that cooperation would require Quiles to provide information unfavorable to Ortiz; if Ortiz were to cooperate and testify, Mr. Discioarro might be unable to perform the cross-examination; and even if Ortiz were not to testify, Mr. Discioarro must be careful to avoid using any confidential information that he gained while representing Ortiz.

After being advised of these risks, we request that the defendant be afforded a reasonable time to digest and contemplate the risks. Curcio, 680 F.2d at 890. He should be strongly encouraged to take the opportunity to consult with another, independent defense counsel and be informed that such counsel will be provided by the Court if necessary. Id.; see also United States v. Iorizzo, 786 F.2d 52, 59 (2d Cir. 1986). If, at a subsequent hearing, the defendant informs the Court that he wishes to proceed with Mr. Discioarro as his counsel, the Government requests that the Court elicit narrative responses from the defendant designed to ascertain whether the defendant is fully aware of the risks involved in the representation provided by Mr. Discioarro, who has potentially divided loyalties, and determine whether the defendant is making a knowing and intelligent waiver of his right to conflict-free representation.

       For the convenience of the Court, the Government is attaching a set of proposed questions to be put to the defendant as part of the <u>Curcio</u> inquiry.

                               Respectfully submitted,

                               MICHAEL J. GARCIA
                             United States Attorney

                   By: _____
                             Richard C. Tarlowe
                             Assistant United States Attorney
                             Tel. No.: 914-993-1963

Enclosure

cc:    Michael Discioarro, Esq. (By fax)